# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: November 3, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| JASON CRAIG TOWNSEND, * | | Unpublished |
| Petitioner, * | | No. 19-1532V |
| v. * | | Special Master Gowen |
| SECRETARY OF HEALTH * | | Damages Decision Based on Proffer; |
| AND HUMAN SERVICES, * | | Influenza ("flu"); Guillain-Barre |
| * | | Syndrome ("GBS"). |
| Respondent. * | | |
| * * * * * * * * * * * * | | |

*Nichole G. Booker,* Mast Law Firm, Smithfield, NC, for petitioner.
*Lauren Kells,* U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION AWARDING DAMAGES[1]

On October 2, 2019, Jason Craig Townsend ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleged that he suffered Guillain Barre Syndrome ("GBS") as a result of receiving the seasonal influenza ("flu") vaccine on October 26, 2016. Petition at Preamble (ECF No. 1).

On February 4, 2021, a ruling on entitlement was issued, finding petitioner entitled to compensation for GBS. Ruling on Entitlement (ECF No. 27). On November 2, 2021, respondent filed a proffer on award of compensation, indicating petitioner should be awarded a lump sum of $140,953.31, for all damages, including $137,150.00 for pain and suffering;

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

$2,873.07 for out-of-pocket medical and related expenses; and $930.24 for lost wages.  Proffer (ECF No. 32).  In the Proffer, respondent represented that petitioner agrees with the proffered award.  *Id.*  Based on the record as a whole, I find that petitioner is entitled to an award as stated in the proofer.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $140, 953.31, representing $137,150.00 for pain and suffering; $2873.07 for out-of-pocket medical and related expenses; and $930.24 in lost wages in the form of a checky payable to petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The Clerk of the Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JASON CRAIG TOWNSEND, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 19-1532V |
| v. ) | Special Master Gowen |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## PROFFER ON AWARD OF COMPENSATION[1]

### I.   Procedural History

On October 2, 2019, Jason Craig Townsend ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. He alleges that, as a result of receiving the influenza vaccine on October 26, 2016, he suffered from Guillain-Barre Syndrome ("GBS"). *See* Petition at 1. On February 2, 2021, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe. *See* ECF No. 25. On February 4, 2021, Special Master Gowen issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury. *See* ECF No. 27.

### II.   Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$140,953.31**, for all damages, including $137,150.00 representative of pain and

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

suffering; $2,873.07 representative of out-of-pocket medical and related expenses; and $930.24 representative of lost wages.  This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### III.     Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Special Master's decision and the Court's judgment award the following:  A lump sum payment of **$140,953.31** in the form of a check payable to petitioner.[2]  Petitioner agrees.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

        */s/ Lauren Kells*
        LAUREN KELLS
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station
        Washington, D.C. 20044-0146
        Tel.:   (202) 616-4187
        Email:  Lauren.Kells@usdoj.gov

DATED:  November 2, 2021